Judge Mills
delivered the opinion of the Court..
The complainant sets up in his hill, two notes against the defendants, which he charges were- lost or mislaid,, whereby he cannot recover at law, but must come. into, equity to recover the amount thereof.
The process was executed' on one defendant, but not on the other.
The one on whom the process was executed; an-, swered, denying that the notes were lost or mislaid, but alleging that they were sent to Tennessee, where-the other- defendant resided, for the purpose of col-., lection, by complainant’s intestate, to whom they were given ;■ that one of them was there settled by the absent obligor or maker, and surrendered to him by the agent of the- complainant’s intestate, to whom they were sent for collection; and that the other had been put into suit, and judgment obtained against the absent defendant, and therefore he insists the chancellor has no jurisdiction*.and that-the remedy is at law.
He also alleges that the absentee was the principal, and he a security only; that alb the parties resided in the same county till long after said notes became due, and that he had insisted on.the intestate of the complainant pursuing the principal by- suit-, which he failed to do, and permitted said principal to leave the state openly, and with the knowledge of the said intestate, and that he was then solvent, and now wholly insolvent; and that of course, the surety is no longer liable.
The proof sustains the case, as relied on by the defendant below.
The court overruled the plea to the jurisdiction, hut determined on the merits, that the surety was released from the obligation.
Surety is not released by the long delay of the obligee to sue the principal* tvho in the time becomes insolvent and removes out of the state;
Equity does not obtain jurisdiction againstone obligor in consequence of obligee sending the oblition to another state, and there recovering a judgment against another obligor upon it.
Witlidrdwing frotes sued on.
iiorv to süe bn obligations in Iho fcustody of Ihe law.
We cannot concur with the court below, by supposing the surety to be released by the mere laches or neglect of the obligee to bring suit. No case which has come under our notice goes that far. On the contrary, it is well settled, that mere delay in bringing suit by the Obligee, though urged to do so by the surety, does nett discharge the surety, and for a good reason; The surety has undertaken positively to pay the debt. If his obligee will not sue, and he is in danger, lie cán relieve himself by fulfilling his obligation, that is by paying his debt and taking the whip into his own hands, and pursuing his principal. So far, therefore, as the decree decided in favor of the release of the surety it cannot be sustained.
But on tlie point of jurisdiction* we also disagree with the court below. As to one of the notes, it was given up, and the action thereon was gone forever. The other had been sent out of the state, for collection* by the intestate of the complainant himself; and it would be going very far to say that an obligee should be allowed to destroy all remedy at law on bis bonds or other securities for, money, and give the chancellor jurisdiction thereof, by sending them out of the state* and thus keeping them out of sight. This pote has been put in suit in a sister State, and judgment obtained thereon, against one of the obligors, and it is not shown that the laws of Tennessee retain this note, and will not permit it to be withdrawn, and we- cannot presume that they do.
In most, if nbt ah the states, á noté may be withdrawn, by application to the proper authority, unless a nonest factum has been pleaded thereto.
It will be also in tlie power of the party to obtain a copy of it, or the record* if the laws refuse to him the original note, and when the law retains an original, it is generally in the power of an obligee to proceed at law, by making profert of a copy, and it will be time enough for the chancellor to inter-* fere when it shall be shown that neither the original nor a copy can be had by the laws of that state.
Where in a bill on a lost note, the loss is denied, and the note appears to be in existence, the bill shall not be dismissed absolutely, but without prejudice.
Wickliffe., for appellant; Chiún-j and Huggin and Loughborough, for appellees.
As the decree, therefore, dismissed the bill expressly on the merits, which might bar the future assertion of claim on this note, and not for want of jurisdiction, and of course, without prejudice to future claim, the decree must be reversed, each one bearing his own costs in this court, and the cause be remanded, that the bill may there "be dismissed with costs, and without prejudice to any future suit for the same cause of complaint.